```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                 New York, N.Y.

            v.                            22 Cr. 644 (JSR)

KEITH VEREEN,

            Defendant.

------------------------------x
                                          March 15, 2023
                                          2:45 p.m.


Before:

                    HON. JED S. RAKOFF,

                                        U.S. District Judge



                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  ASHLEY C. NICOLAS
     MADISON SMYSER
     Assistant United States Attorneys


SAPONE & PETRILLO, LLP
     Attorneys for Defendant
BY:  EDWARD V. SAPONE
```

N3F5verP

1        (Case called)
2        THE DEPUTY CLERK:  Will the parties please identify
3 themselves for the record?
4        MS. NICHOLAS:  Good afternoon, your Honor.  Ashley
5 Nicholas and Madison Smyser for the government.
6        THE COURT:  Good afternoon.
7        MR. SAPONE:  Good afternoon, your Honor.  Nice to see
8 you and nice to see everyone.  Edward Sapone appearing with and
9 for Mr. Vereen ready for change of plea, your Honor.
10        THE COURT:  Good afternoon.  Please, be seated.
11        So, my understanding is that the defendant wishes to
12 withdraw his previously entered plea of not guilty and plead
13 guilty to Count One of indictment 22 criminal 644; is that
14 right?
15        MR. SAPONE:  Yes, your Honor.
16        THE COURT:  Very good.  We will place the defendant
17 under oath.
18        THE DEPUTY CLERK:  Will the defendant please rise and
19 raise your right hand.
20        (Defendant sworn)
21        THE DEPUTY CLERK:  Please, be seated.
22        THE COURT:  So, Mr. Vereen, let me first advise you
23 that because you are under oath, anything that you say that is
24 knowingly false could subject you to punishment for perjury or
25 obstruction of justice or the making of false statements.

1               Do you understand that?
2               THE DEFENDANT:  Yes.
3               THE COURT:  Do you read, write, speak and understand
4      English?
5               THE DEFENDANT:  Yes.
6               THE COURT:  How far did you go in school?
7               THE DEFENDANT:  I graduated high school and did some
8      college.
9               THE COURT:  Have you ever been treated by a
10     psychiatrist or psychologist?
11              THE DEFENDANT:  No.
12              THE COURT:  Have you ever been hospitalized for any
13     mental illness?
14              THE DEFENDANT:  No.
15              THE COURT:  Have you ever been treated or hospitalized
16     for alcoholism?
17              THE DEFENDANT:  No.
18              THE COURT:  Have you ever been treated or hospitalized
19     for drug addiction?
20              THE DEFENDANT:  No.
21              THE COURT:  Are you currently under the care of a
22     doctor for any reason?
23              THE DEFENDANT:  No.
24              THE COURT:  In the last 24 hours have you taken any
25     pill or medicine of any kind?

1        THE DEFENDANT:  No.
2        THE COURT:  Is your mind clear today?
3        THE DEFENDANT:  Yes.
4        THE COURT:  Do you understand these proceedings?
5        THE DEFENDANT:  Yes.
6        THE COURT:  Very good.
7        On the basis of the defendant's responses to my
8   questions and my observations of his demeanor, I find he is
9   fully competent to enter an informed plea at this time.
10       Now, you have the right to be represented by counsel
11  at every stage of these proceedings.  Do you understand that?
12       THE DEFENDANT:  Yes.
13       THE COURT:  And if at any time you can't afford
14  counsel, the Court will appoint one to represent you, free of
15  charge, throughout the proceedings.
16       Do you understand that?
17       THE DEFENDANT:  Yes.
18       THE COURT:  Mr. Sapone, are you retained or appointed?
19       MR. SAPONE:  This is a CJA case, your Honor.
20       THE COURT:  Yes; appointed.
21       MR. SAPONE:  Yes.
22       THE COURT:  So, Mr. Vereen, are you satisfied with
23  Mr. Sapone's representation of you?
24       THE DEFENDANT:  Yes.  He is the best lawyer I had.
25       THE COURT:  Have you had a full opportunity to discuss

1   this matter with him?
2              THE DEFENDANT:  Yes.
3              THE COURT:  Have you told him everything you know
4   about this matter?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Now, you were originally charged in
7   indictment 22 criminal 644 and the government now says that
8   they're willing to accept, in satisfaction of that, a plea to
9   Count One.  My understanding is that you wish to enter a plea
10  to Count One; is that right?
11             THE DEFENDANT:  Yes.
12             THE COURT:  Now, Count One charges you with
13  conspiring, in other words agreeing, with at least one other
14  person, to traffic in firearms.  Have you gone over that count
15  with your lawyer?
16             THE DEFENDANT:  Yes.
17             THE COURT:  Do you understand the charge against you?
18             THE DEFENDANT:  Yes.
19             THE COURT:  And Mr. Sapone, do you want that charge
20  read again here in open court or do you waive the public
21  reading?
22             MR. SAPONE:  We respectfully waive that, your Honor.
23             THE COURT:  So, Mr. Vereen, before I can accept any
24  plea of guilty I need to make certain that you understand the
25  rights you will be giving up if you plead guilty so I want to

go over with you now the rights you will be giving up.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  First, you have a right to a speedy and a public trial by a jury on the charges against you.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And second, if there were a trial, you would be presumed innocent and the government would be required to prove your guilt beyond a reasonable doubt before you could be convicted of any charge.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Third, at the trial you would have the right to be represented by counsel and, once again, if you still could not afford counsel, the Court would continue representation of you by Mr. Sapone throughout the trial and all other proceedings.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Fourth, at the trial you would have the right to see and hear all of the witnesses and other evidence against you, and your attorney could cross-examine the government's witnesses or object to the government's other evidence and could present evidence on your own behalf, if you

1   so desired, and could have subpoenas issued to compel the
2   attendance of witnesses and other evidence on your behalf.
3             Do you understand all of that?
4             THE DEFENDANT:  Yes.
5             THE COURT:  Fifth, at the trial you would have the
6   right to testify if you wanted to but no one could force you to
7   testify if you did not want to, and no suggestion of guilt
8   could be drawn against you simply because you chose not to
9   testify.
10            Do you understand that?
11            THE DEFENDANT:  Yes.
12            THE COURT:  And finally, even if you were convicted,
13  you would have the right to appeal your conviction.
14            Do you understand that?
15            THE DEFENDANT:  Yes.
16            THE COURT:  Now, do you understand that if you plead
17  guilty you will be giving up each and every one of those rights
18  we just discussed?
19            Do you understand that?
20            THE DEFENDANT:  Yes.
21            THE COURT:  Very good.
22            Now, do we have a signed plea agreement?
23            MR. SAPONE:  We, do, your Honor.  May I hand it up?
24            THE COURT:  Yes, please, hand it up.
25            So, Mr. Vereen, the maximum punishment that you face

if you plead guilty to Count One is five years' imprisonment, to be followed by up to three years of supervised release, plus a fine, whichever is greatest, either $250,000 or twice the money derived from the conspiracy or twice the loss to any victims of the conspiracy, plus a $100 mandatory special assessment.

Do you understand those are the maximum punishments you face if you plead guilty?

THE DEFENDANT:  Yes.

THE COURT:  Also, do you understand that if I were to impose a term of supervised release and you were to violate any of the conditions of supervised release that violation, in and of itself, could subject you to still further imprisonment going even beyond the term of supervised release?

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Now, of course at this point in time I have no idea what sentence I will impose if you plead guilty, but one of the things I will take a look at are the sentencing guidelines which are certain laws that recommend a range in which the Court is suggested to sentence you, although they are not binding on the Court.

Have you gone over the sentencing guidelines with your lawyer?

THE DEFENDANT:  Yes, sir.

|   |   |
|---|---|
| 1 | THE COURT:  And in that connection I have been |
| 2 | furnished with a letter agreement we will now mark as Court |
| 3 | Exhibit 1 to today's proceeding, and it takes the form of a |
| 4 | letter dated March 2, 2023, from government counsel to defense |
| 5 | counsel, and appears, Mr. Vereen, that you signed it earlier |
| 6 | today. |

1  THE COURT: And in that connection I have been
2  furnished with a letter agreement we will now mark as Court
3  Exhibit 1 to today's proceeding, and it takes the form of a
4  letter dated March 2, 2023, from government counsel to defense
5  counsel, and appears, Mr. Vereen, that you signed it earlier
6  today.
7  THE DEFENDANT: Yes, sir.
8  THE COURT: Before signing it did you read it?
9  THE DEFENDANT: Yes, sir.
10  THE COURT: Did you discuss it with your lawyer?
11  THE DEFENDANT: Yes, sir.
12  THE COURT: Did you understand its terms?
13  THE DEFENDANT: Yes, sir.
14  THE COURT: Did you sign it in order to indicate your
15  agreement to these terms?
16  THE DEFENDANT: Yes, sir.
17  THE COURT: Now, this letter agreement is binding
18  between you and the government, it is not binding on me, it is
19  not binding on the Court.
20   Do you understand that?
21  THE DEFENDANT: Yes, sir.
22  THE COURT: So, for example, this letter agreement
23  says that you and the government have agreed that the guideline
24  range is 30 to 37 months' imprisonment.  I may agree with that
25  or I may disagree with that.  Even if I agree with it, I may

1    sentence you to more or less or anywhere in between, and
2    regardless of where I come out, if you plead guilty you will
3    still be bound by my sentence.
4             Do you understand that?
5             THE DEFENDANT:  Yes, sir.
6             THE COURT:  More generally, do you understand that if
7    anyone has made any kind of estimate or prediction or promise
8    or representation to you of what your sentence will be in this
9    case, that person could be wrong?  And nevertheless, if you
10   plead guilty, you will still be bound by my sentence.
11            Do you understand that?
12            THE DEFENDANT:  Yes, sir.
13            THE COURT:  Now, on the other hand, under your
14   agreement with the government, if I do sentence you to 37
15   months or less, you have agreed not to appeal or otherwise
16   attack your sentence.
17            Do you understand that?
18            THE DEFENDANT:  Yes.
19            THE COURT:  Very good.
20            Now, does the government represent that this letter
21   agreement that we have now marked as Court Exhibit 1 is the
22   entirety of any and all agreements between the government and
23   Mr. Vereen?
24            MS. NICHOLAS:  Yes, your Honor.  There is an
25   attachment to it that is the consent preliminary order of

1    forfeiture which we believe has been handed up.

2              THE COURT:  Yes, I see in the agreement that there has

3    been an agreement to forfeiture so that is something else

4    Mr. Vereen, that you have agreed to, yes?  To forfeiture?

5    Mr. Vereen?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  You agreed to that as well?  Yes.  OK.

8    But that is included in the agreement.  Other than the

9    agreement, is there any other promise that the government has

10   made to the defendant?

11             MS. NICHOLAS:  No, your Honor.

12             THE COURT:  Does defense counsel agree that no other

13   agreements have been made beyond those contained in the plea

14   agreement?

15             MR. SAPONE:  We agree, your Honor.

16             THE COURT:  And, Mr. Vereen, do you agree as well?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  In that connection I have now been

19   furnished with a consent preliminary order of forfeiture which

20   is signed by both sides, which I will now sign, and give to my

21   courtroom deputy to docket.

22             Now, Mr. Vereen, other than the government, has anyone

23   else made any kind of promise to you or offered you any

24   inducement to get you to plead guilty?

25             THE DEFENDANT:  No.

1    THE COURT:  Has anyone threatened or coerced you in
2 any way to get you to plead guilty?
3    THE DEFENDANT:  No.
4    THE COURT:  Does the government represent that if this
5 case were to go to trial it could, through competent evidence,
6 prove every essential element of this charge beyond a
7 reasonable doubt?
8    MS. NICHOLAS:  Yes, your Honor.
9    THE COURT:  Does defense counsel know of any valid
10 defense that would likely prevail at trial or any other reason
11 why his client should not plead guilty?
12    MR. SAPONE:  No, your Honor.
13    THE COURT:  Mr. Vereen, tell me in your own words what
14 it is that you did that makes you guilty of this charge.
15    MR. SAPONE:  Your Honor, if I may?  Mr. Vereen and I
16 have gone over a statement that I had helped him write but
17 these are his words and thoughts with my assistance.
18    THE COURT:  That's fine.  I have no problem with that.
19 If I have further questions I will ask him.
20    THE DEFENDANT:  Between May and November 2020, I had
21 agreed with others to unlawfully bring guns from South Carolina
22 to New York to traffic and sell them.  I engaged in this
23 agreement with knowledge of the scope and I engaged in it
24 willfully and intentionally.  I have been an officer of the
25 United States Army since August 2021.  I had no good reason to

1    do this and I am very sorry and regretful.
2            THE COURT:  So you knew when you did this that what
3    you were doing was illegal and wrong, yes?
4            THE DEFENDANT:  Correct.
5            THE COURT:  And you may have mentioned this but let me
6    ask the government, what's the evidence of venue?
7            MS. NICHOLAS:  Yes, your Honor.  Thank you.
8            The defendant brought firearms into the Southern
9    District of New York for resale.
10           THE COURT:  OK.  Is there anything else regarding the
11   factual portion of the allocution that the government wishes
12   the Court to inquire about?
13           MS. NICHOLAS:  No, your Honor.  Nothing.
14           THE COURT:  Is there anything else regarding any
15   aspect of the allocution that either counsel wishes the Court
16   to inquire about?  Anything else from the government?
17           MS. NICHOLAS:  Nothing further, your Honor.
18           THE COURT:  Anything from the defense?
19           MR. SAPONE:  No thank you, your Honor.
20           THE COURT:  Mr. Vereen, in light of everything we have
21   now discussed, how do you now plead to Count One of indictment
22   22 criminal 644; guilty or not guilty?
23           THE DEFENDANT:  Guilty.
24           THE COURT:  Because the defendant has acknowledged his
25   guilt as charged, because he has shown that he understands his

rights, and because his plea is entered knowingly and voluntarily and is supported by an independent basis in fact containing each of the essential elements of the offense, I accept his plea, I adjudge him guilty of Count One of 22 CR 644.

Now, Mr. Vereen, the next stage in this process is that the probation office will prepare what is called a presentence report to assist me in determining sentence, and as part of that you will be interviewed by the probation officer. You can have your counsel present to advise you of your rights but under my practices you personally need to answer those questions from the probation officer.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  After that report is in draft form but before it is in final form, you and your counsel, and also government counsel, will have a chance to review it and to offer suggestions, corrections, and additions directly to the probation officer who will then prepare the report, in final, to come to me.  Independent of that, counsel for both sides are hereby given leave to submit directly to the Court, in writing, any and all materials bearing on any aspect of sentence, provided those materials are submitted no later than one week before sentence.  We will set the sentence down for:

THE DEPUTY CLERK:  Wednesday, July 19, at 4:00.

N3F5verP

1           THE COURT:  Wednesday, July 19, at 4:00 p.m.
2           All right?  Very good.  Anything else we need to take
3    up today?
4           MS. NICHOLAS:  Nothing from the government, your
5    Honor.
6           MR. SAPONE:  No thank you, your Honor.
7           THE COURT:  Very good.  Thanks so much.
8                                o0o